ALBERT ⅏. CAMPBELL, PROSECUTOR, v. JOSEPH SIEGLER, JUDGE OF THE JUVENILE COURT OF THE COUNTY OF ESSEX, RESPONDENT.

Submitted May 10, 1932—Decided August 18, 1932.

Before Justices PARKER, CAMPBELL, and LLOYD.

For the prosecutor, *Francis A. Nott.*

For the respondent, *Arthur T. Vanderbilt, William G. McLoughlin, pro se,* and *Robert L. Flemming, amicus curiæ.*

PER CURIAM.

This writ brings up for review a judgment of the Juvenile Court of Essex county adjudging the prosecutor in contempt

of that court and sentencing him to five days in the Essex county jail, which sentence was suspended. The alleged contempt grew out of the proceeding reviewed in this court in *Campbell* v. *Siegler,* 10 *N. J. Mis. R.* 987. That case was upon complaint of delinquency against David Campbell, the ten-year-old son of the prosecutor in this proceeding. The order of the Juvenile Court was that the prosecutor here was to continue the taking of his son to the official psychiatrist of Essex county. This he did not do and the result was the proceedings here complained of.

The prosecutor says that the proceedings should be set aside because there is no record of the order of the court for failure to obey which he is said to be in contempt. This is entirely without merit because the return to the writ shows there was such an order.

He next urges that the judgment of contempt should be set aside because he was never served with any written order of the court which it is said he disobeyed. But this is also without merit, because he was present, in court, at the time such order was made and he does not claim that he was without knowledge of it but simply that he was not formally served with a copy thereof.

He then urges that the judgment should be set aside because the court below lost control of the matter on February 17th, 1931, by adjourning the cause without day.

We also find this to be without merit. Prosecutor had notice of the proceeding, appeared and defended by counsel.

Finally prosecutor urges a setting aside of the proceedings because, he says, there is no proper docket entry of them. This is not the fact. The record shows a very exact and complete docket entry of the proceedings.

We conclude that the proceedings under review should be affirmed and the writ dismissed, with costs.